IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIONDRA MILLER,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-1511 |
| : | |
| **TRANSWORLD SYSTEMS, INC.,** : | |
|     Defendant. : | |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                    **JULY 9, 2024**

      Plaintiff Diondra Miller, a self-represented litigant, filed this civil action against Transworld Systems, Inc. ("Transworld"), raising a claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Miller seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Miller leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to amendment.

**I.**      **FACTUAL ALLEGATIONS**[1]

      The gist of Miller's Complaint is that Transworld, a corporation that "fits the description of a debt collector," obtained her credit information without a permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Miller alleges that on November 28, 2023, she reviewed her LexisNexis consumer report and learned that Transworld had made "three unauthorized inquiries" on December 1, 2022, April 16, 2023, and July 5, 2023.[2] ECF No. 1 at 2. Miller avers that she

---

[1] The facts set forth in this Memorandum are taken from Miller's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Although Miller asserts that a copy of the Lexis Nexis consumer report was attached to the Complaint as Exhibit A (*see* Compl. at 2), there are no exhibits attached to the Complaint.

has "never entered [into] a contract" with Transworld, nor has she "done business, had an account, or initiated a consumer credit transaction with [Transworld]." *Id.* She further asserts that she never gave written consent for Transworld to obtain her report, and that Transworld did not have a court order to obtain or review her credit report. *Id.* at 2, 3. She therefore concludes that Transworld "fail[ed] to have a permissible purpose" and violated the requirements of the FCRA. *Id.* at 3. Miller seeks monetary damages for this alleged statutory violation. *Id.* at 4.

## II.   STANDARD OF REVIEW

The Court will grant Miller leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Miller's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Miller is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

"[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other: (1) pursuant to a court order; (2) pursuant to the written instructions

of the consumer; (3) to persons whom the credit reporting agencies believe intend to use the information for specified purposes; (4) in response to a request from the head of a state or local child support agency; (5) to an agency administering a State child support plan; and (6) to the Federal Deposit Insurance Corporation or the National Credit Union Administration pursuant to applicable federal law." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022), *cert. granted sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636 (2023) (internal quotations and alterations omitted) (quoting 15 U.S.C. § 1681b(a)(1)-(6)). The permissible purposes set forth in § 1681b(a)(3)(A) include distribution of a credit report "to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*) (quoting 15 U.S.C. § 1681b(a)(3)(A)).[3]

Miller has sued Transworld, which she identifies as a "debt collector," *Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56, 57 (3d Cir. 2018), for allegedly obtaining her credit report without a permissible purpose. Miller alleges that she has never done business with Transworld or had an account with it, never initiated a consumer credit transaction with Transworld, and did not give Transworld permission to access her consumer report. *See* ECF No. 1 at 2. However, as explained above, debt collection is a permissible purpose under the statute. It is unclear from her allegations whether Transworld violated the FCRA. The Complaint, as pled, is too vague and conclusory to state a plausible claim. *See Jones v. Best Serv. Co.*, 700 F. App'x 580, 581 (9th Cir. 2017) ("[T]he district court properly dismissed Jones's FCRA claim because Jones failed to allege

---

[3] "The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Huertas*, 641 F.3d at 34 (citing 15 U.S.C. §§ 1681b(f), 1681n(a)).

3

that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA."); *Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 427 (5th Cir. 2012) ("Norman's complaint and the attached exhibits show that Northland's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A)."); *Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC*, No. 13-1585, 2015 WL 4967058, at *2 (D. Del. Aug. 19, 2015) (to state a claim in this context, a complaint "'must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff.'" (quoting *Huertas v. U.S. Dep't of Educ.*, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009))). Miller simply has "not nudged [her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Miller leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Considering Miller's self-represented status, and in an abundance of caution, the Court will give Miller an opportunity to file an amended complaint in the event she can state additional facts that would give rise to a plausible claim under the FCRA. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, J.**