IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIONDRA MILLER,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-1511 |
| : | |
| **TRANSWORLD SYSTEMS, INC.,** : | |
| Defendant. : | |

**MEMORANDUM**

**KENNEY, J.**                                                                          **OCTOBER 8, 2024**

Currently before the Court is an Amended Complaint filed by Plaintiff Diondra Miller, a self-represented litigant, against Transworld Systems, Inc. ("Transworld"), raising a claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and possibly a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. For the following reasons, the Court will dismiss Miller's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   FACTUAL ALLEGATIONS**[1]

The gist of Miller's initial Complaint was that Transworld, a corporation that "fits the description of a debt collector," obtained her credit information without a permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. (ECF No. 1.) After granting Miller leave to proceed *in forma pauperis*, the Court dismissed her initial Complaint upon statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Miller v. Transworld Sys., Inc.*, No. 24-1511, 2024 WL 3361603, at *1 (E.D. Pa. July 9, 2024). Specifically, the Court concluded

---

[1] The facts set forth in this Memorandum are taken from Miller's Amended Complaint (ECF No. 7) and documents attached thereto. The Court adopts the pagination supplied by the CM/ECF docketing system.

that Miller's bare-bones Complaint failed to state a plausible claim because, although she clearly sued a debt-collector, and even though collection of a debt is a permissible purpose for obtaining a person's credit report under the FCRA, Miller's Complaint was "too vague and conclusory to state a plausible claim" and failed to allege that Transworld had requested her credit report for any reason other than to attempt to collect on a debt.  *Id.* at *2.  Accordingly, she had only pled facts consistent with potential liability that were insufficient to "nudge" her claim from one that was possible to one that was plausible.  *Id.*

Miller was given leave to file an amended complaint in the event she could articulate additional facts that would give rise to a plausible claim under the FCRA.  *Id*.  The Court's Order specifically directed Miller to be "mindful of the Court's reasons for dismissing the claims in her initial Complaint" when "drafting her amended complaint."  (ECF No. 6 at 1.)  Miller has since returned with her Amended Complaint.  (ECF No. 7.)  As in her initial Complaint, Miller alleges that on November 28, 2023, she reviewed her LexisNexis consumer report and learned that Transworld had made "three unauthorized inquiries" on December 1, 2022, April 16, 2023, and July 5, 2023.[2]  (Am. Compl. at 2.)

Miller alleges that she contacted Transworld via the Consumer Financial Protection Bureau ("CFPB") seeking information as to why Transworld has accessed her consumer report.  (*Id.*)  According to the consumer report attached to the Amended Complaint, the permissible purpose inquiry listed for each of the foregoing inquiry dates is "[c]ollections."  (*Id.* at 11.)  On March 11, 2024, Transworld issued a letter to Miller indicating that her CFPB complaint "relates to a pending matter" that was being handled by its outside counsel.  (*Id.* at 3, 15.)  The letter

---

[2] Miller attaches a copy of the Lexis Nexis consumer report to her Amended Complaint as Exhibit A.  *See* Am. Compl. at 11.

2

response specifically referenced three creditors, each noting a balance due. (*Id.*) Specifically, the letter references a $110.17 balance due from MTA Bridges and Tunnels, a $125.15 balance due from Citizens Bank N.A., and a $930.27 balance due from U.S. Asset Management Inc. (*Id.* at 11.) The letter from Transworld also contains the following notice: "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR." (*Id.*)

Miller asserts that the December 1, 2022 inquiry was an "attempt to collect an unpaid highway toll balance." (*Id.* at 3.) She contends that an unpaid toll violation is not a consumer debt and does "not fit the description of an 'account' or 'credit transaction involving a consumer'" and, as a result, Transworld's review of her consumer report for purpose of collecting an unpaid highway toll does not constitute a permissible purpose. (*Id.* at 4.) With respect to the April 16, 2023 and July 5, 2023 inquiries, Miller avers that she "never entered a credit transaction or had an account" with Citizens Bank or U.S. Asset Management. (*Id.* at 5.)

While her violation claims appear to be limited to the FCRA, Miller also makes passing references to the FDCPA, alleging that she never received an initial debt collection letter from Transworld prior to the review of her consumer report, and she was not permitted an opportunity to dispute or inform Transworld that the accounts did not belong to her. (*Id.*) Miller also asserts that Transworld has never initiated collection efforts for any of the foregoing accounts. (*Id.*) She further contends that she never gave consent for Transworld to access her consumer report, and that Transworld did not have a court order to obtain or review her credit report. (*Id.* at 6.) As in her initial Complaint, Miller contends that Transworld "fail[ed] to have a permissible purpose" and violated the requirements of the FCRA. (*Id.*) She seeks monetary damages for the alleged statutory violations of the FCRA. (*Id.* at 8.)

## II. STANDARD OF REVIEW

Because Miller is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Miller's Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Miller is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. FCRA

Miller has sued Transworld, which she identifies as a "debt collector," *Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56, 57 (3d Cir. 2018), for allegedly obtaining her credit report without a permissible purpose. Miller alleges that Transworld violated 15 U.S.C. §1681b(f) by failing to have a permissible purpose to obtain her consumer report, and she further

avers that she did not give Transworld consent to access her consumer report, nor did Transworld have a court order to obtain her report. *See* Am. Compl. at 6.

"[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other: (1) pursuant to a court order; (2) pursuant to the written instructions of the consumer; (3) to persons whom the credit reporting agencies believe intend to use the information for specified purposes; (4) in response to a request from the head of a state or local child support agency; (5) to an agency administering a State child support plan; and (6) to the Federal Deposit Insurance Corporation or the National Credit Union Administration pursuant to applicable federal law." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022), *cert. granted sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636 (2023) (internal quotations and alterations omitted) (quoting 15 U.S.C. § 1681b(a)(1)-(6)). The permissible purposes set forth in § 1681b(a)(3)(A) include distribution of a credit report "to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*) (quoting 15 U.S.C. § 1681b(a)(3)(A)).[3]

Section 1681b(a)(3)(A) of the FCRA authorizes the use of consumer information to collect on a delinquent account. *Id.* Miller attempts to strictly define the term account as a "demand deposit, savings deposit, or other asset account" that has been "established primarily for personal, family, or household purposes" (*see* Am. Compl. at 4), but this strict definition has been rejected. To the contrary, "[r]elying on the 'collection of an account' language in §

---

[3] "The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Huertas*, 641 F.3d at 34 (citing 15 U.S.C. §§ 1681b(f), 1681n(a)).

1681b(a)(3)(A), courts . . . appear to be uniform in their agreement that a debt collector is permitted to obtain a consumer credit report for the purpose of collecting an outstanding debt." *See Rawls v. Convergent Outsourcing, Inc.*, No. 23-5465, 2024 WL 3833854, at *5 (N.D. Ga. July 25, 2024), *report and recommendation adopted*, 2024 WL 4251738 (N.D. Ga. Aug. 14, 2024) (citing *Fritz v. Capital Mgmt. Servs., LP*, No. 12-4725, 2013 WL 4648370, at *3 (W.D. Pa. Aug. 29, 2013) (collecting cases); *Norman v. Northland Grp. Inc.*, 495 F. App'x. 425, 427 (5th Cir. 2012) (*per curiam*); *Huertas*, 641 F.3d at 34; *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x. 40, 43 (7th Cir. 2009); *Thomas v. U.S. Bank, N.A.*, 325 F. App'x. 592, 593 (9th Cir. 2009). Accordingly, to the extent that Transworld obtained Miller's consumer credit report for the purpose of collecting on a delinquent account or an outstanding debt, it falls within the permissible purpose of the FCRA.

Moreover, with respect to the December 1, 2022 inquiry, Miller asserts that because "unpaid toll violations are not considered consumer debts," Transworld was not permitted to obtain her consumer report for the purpose of collecting an unpaid highway toll. (Am. Compl. at 4.) However, the case upon which Miller relies, *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 364 (3d Cir. 2018), only addressed the definition of debt within the meaning of the FDCPA, and not the FCRA. Because the FCRA authorizes a debt collector to access a credit report to collect on a delinquent account, and it is not, therefore, limited to a debt, this aspect of her claim is also not plausible. *See Huertas,* 641 F.3d at 34.

With respect to the April 16, 2023 and July 5, 2023 inquiries, although Miller contends that she "has never entered [into] a credit transaction or had an account with Citizens Bank N.A. or U.S. Asset Management Inc," it is well settled that a debt collector like Transworld is not required to "verify a debt prior to collection," and Miller's allegations thus do not assert a

plausible FCRA violation. *See Fritz v. Cap. Mgmt. Servs., LP*, No. 12-1725, 2013 WL 4648370, at *6 (W.D. Pa. Aug. 29, 2013) (citing *Slanina v. United Recovery Sys.,* No. 11-1391, 2011 WL 5008367, at *2 (M.D. Pa. Oct. 20, 2011). Accordingly, based on the allegations of the Amended Complaint, and the attachments thereto, Transworld, a debt collector, had a permissible purpose for obtaining Miller's credit report under FCRA, and Miller has failed to state a plausible claim under the FCRA. *See Jones v. Best Serv. Co.*, 700 F. App'x 580, 581 (9th Cir. 2017) ("[T]he district court properly dismissed Jones's FCRA claim because Jones failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA."); *Norman*, 495 F. App'x at 427 ("Norman's complaint and the attached exhibits show that Northland's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A)."); *Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC*, No. 13-1585, 2015 WL 4967058, at *2 (D. Del. Aug. 19, 2015) (to state a claim in this context, a complaint "'must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff.'" (quoting *Huertas v. U.S. Dep't of Educ.*, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009))). Again, Miller simply has "not nudged [her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

### B. FDCPA

As noted above, Miller's Amended Complaint primarily references the FCRA, asserting that Transworld violated the FCRA by failing to have a permissible purpose to obtain her consumer report. *See* Am. Compl. at 6-7. However, the Amended Complaint also makes passing references to the FDCPA. (*Id.* at 5, 6.) Although it is unclear as to whether Miller intended to assert any claims under the FDCPA, the Court will nonetheless address any potential claims.

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors."). Among other things, the FDCPA prevents debt collectors from engaging in harassing, oppressive or abusive conduct to collect a debt, § 1692d, making false, deceptive, or misleading representations in connection with debt collection, § 1692e, and using "unfair or unconscionable means" to collect a debt, § 1692f. To state a claim under the FDCPA, a plaintiff must allege plausibly that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466,

470 (3d Cir. 2021) (internal citations omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Miller avers that Transworld has not initiated any collection efforts for the accounts referenced in the Amended Complaint.  (Am. Compl. at 5.)  Accordingly, by Miller's own admission, Transworld has not yet attempted to "collect a 'debt'" as defined by the FDCPA and as referenced in the third element that is necessary to state a plausible FDCPA claim.  Moreover, Miller does not identify any provision of the FDCPA, necessary to allege the fourth element, that was supposedly violated by Transworld.  *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA.").  Accordingly, Miller has failed to allege plausibly that Transworld violated the FDCPA.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Miller's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Since Miller was already given an opportunity to amend the defects in her claims, and since her Amended Complaint essentially restated her original FCRA claims, the Court concludes that further attempts to amend would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir.

2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**
